UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00638-RJC-DSC

| | |
|---|---|
| HEATHER NICOLE DURHAM, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Order** ) |
| CITY OF CHARLOTTE, | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss (Doc. No. 7), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 14), the Defendant's Objections to the M&R (Doc. No. 15), and the Plaintiff's Response (Doc. No. 16). For the reasons below, the M&R is **ADOPTED**, and the Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Neither party objects to the Magistrate Judge's description of this case's factual and procedural background. Thus, the Court adopts that description as set forth in the M&R.

### II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A), (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review

of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee's note).

### III. DISCUSSION

Heather Durham claims that the City of Charlotte violated federal law by making her personal information accessible to third parties who used it to mail her advertisements. Compl. ¶¶ 76–89, Doc. No. 1. In this putative class action, she seeks liquidated damages, declaratory relief, and injunctive relief under the Driver's Privacy Protection Act ("DPPA"), which generally prohibits state motor vehicle departments from disclosing the personal information contained in motor vehicle records. Compl. ¶¶ 117–136; 18 U.S.C. § 2721(a).

The City moved to dismiss Durham's Complaint. Mot. Dismiss, Doc. No. 7. It argues that her claims should be dismissed under Rule 12(b)(6) because they are barred by the doctrines of claim preclusion, issue preclusion, and judicial estoppel. Def.'s Mem. Supp. Mot. Dismiss 10–14, Doc. No. 7-1; Def.'s Reply to Pl.'s Resp. 11–13, Doc. No. 13. The City also seeks dismissal under Rule 12(b)(1) on the grounds that Durham lacks Article III standing. Def.'s Mem. Supp. Mot. Dismiss 14–16, Doc. No. 7-1.

The M&R concludes that Durham has standing to pursue liquidated damages but not injunctive or declaratory relief. M&R 9–10, Doc. No. 14. It also concludes that her claims are not

barred under the claim-preclusion and issue-preclusion doctrines. *Id.* at 10–13.[1] Durham does not object to the M&R, Pl.'s Resp. Def.'s Objs. 21, Doc. No. 16, but the City objects to all the M&R's conclusions except its determination that Durham lacks standing to pursue injunctive or declaratory relief, Def.'s Objs. to M&R 1–3, Doc. No. 15. Thus, four issues are presented for de novo review: whether Durham has standing to seek liquidated damages under the DPPA and whether her claim is barred under the claim-preclusion, issue-preclusion, or judicial-estoppel doctrines.[2]

Durham has standing to seek liquidated damages under the DPPA. To have standing, a plaintiff must show that she suffered an "injury in fact" that is "fairly traceable" to the defendant and that is "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In *Garey v. James S. Farrin, P.C.*, 35 F.4th 917 (4th Cir. 2022), the Court held that DPPA violations inflict a "legally cognizable privacy injury." 35 F.4th at 922. Durham claims that she suffered such an injury. Compl. ¶ 132, Doc. No. 1. She has therefore pleaded an injury in fact. And her Complaint alleges that the City made accident reports, including hers, "available to the public." Compl. ¶¶ 48, 77, Doc. No. 1. The Complaint thus contains "sufficient allegations" that the City was a "plausible source of [Durham's] personal information," and those allegations satisfy the traceability requirement. *Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 623 (4th Cir. 2018); *see also Bennett v. Spear*, 520 U.S. 154, 171 (1997) (stating that a plaintiff's burden to show traceability is "relatively modest" at the motion-to-dismiss stage).

---

[1] The M&R does not address the judicial-estoppel argument that the City made in its Reply to Durham's Response. *See* Def.'s Reply to Pl.'s Resp. 11–13, Doc. No. 13.

[2] Neither party objects to the M&R's determination that Durham lacks standing to pursue injunctive or declaratory relief. The M&R did not commit "clear error" in reaching that conclusion. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee's note).

Additionally, by suing for liquidated damages under the DPPA, Durham has shown that her alleged injury is redressable. *See* 18 U.S.C. § 2724(b)(1) (providing liquidated damages of $2,500 for DPPA violations).

Claim preclusion does not bar Durham's suit. In *Taylor v. Sturgell*, 553 U.S. 880 (2008), the Supreme Court emphasized the foundational rule against nonparty preclusion: "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." 553 U.S. at 893 (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)); *see also id.* at 892–93 ("The application of claim and issue preclusion to nonparties . . . runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'" (quoting *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996))). But the Court also discussed six "discrete exceptions" to that rule that apply in "limited circumstances." *Id.* at 898; *see id.* at 893–95; *see also Duckett v. Fuller*, 819 F.3d 740, 745 (4th Cir. 2016) (explaining that *Taylor* provided an "exhaustive" and "comprehensive" list of six exceptions to the rule against nonparty preclusion). The City argues that two of those exceptions apply here: the legal-relationship exception, which is triggered by "a variety of pre-existing 'substantive legal relationship[s],'" and the class-action exception, which bars the claims of those who were "adequately represented" in a "properly conducted class action[]." *Taylor*, 553 U.S. at 894; *see* Def.'s Objs. to M&R 13–20, Doc. No. 15; Def.'s Mem. Supp. Mot. Dismiss 12, Doc. No. 7-1.[3]

---

[3] Like the defendants in *Duckett v. Fuller*, 819 F.3d 740 (4th Cir. 2016), the City argues that Durham's claim should be precluded because she is "in privity" with Johnathan Hensley, who filed a putative DPPA class action in which Durham tried to intervene as a class representative. 819 F.3d at 744; Def.'s Objs. to M&R 13, Doc. No. 15. But *Taylor*'s six exceptions "constitute an exhaustive list" of exceptions to the rule against nonparty preclusion. *Duckett*, 819 F.3d at 745. Thus, the preclusion issues in this case "must be determined according to the grounds for nonparty preclusion described in *Taylor*." *Id.* The City's privity argument most closely relates to *Taylor*'s legal-relationship exception. *See Taylor*, 553 U.S. at 894 n.8 (recognizing that "[t]he substantive legal relationships justifying preclusion are sometimes collectively referred to as 'privity'").

4

The legal-relationship exception does not apply. That exception "is reserved for a variety of legal, property-based relationships." *Duckett*, 819 F.3d at 746. Such relationships include "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor." *Id.* (quoting *Taylor*, 553 U.S. at 894). Durham and Johnathan Hensley, who brought a putative DPPA class action in which Durham tried to intervene as a class representative, share no such "qualifying substantive legal relationship." *Id.*

The class-action exception does not apply either. That exception applies only when the nonparty is afforded "the procedural safeguards contained in Federal Rule of Civil Procedure 23" during the earlier litigation. *Taylor*, 553 U.S. at 901; *see also id.* (declining to authorize preclusion "based on identity of interests and some kind of relationship between parties and nonparties, shorn of the procedural protections prescribed in [the Supreme Court's prior cases] and Rule 23"). Hensley's putative class was never certified under Rule 23,[4] so Durham—as a potential member of Hensley's putative class—did not receive Rule 23's protections during Hensley's litigation. Additionally, because Hensley's class was never certified, a "properly conducted class action" never "existed." *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011). Therefore, Hensley's representation of Durham was not "adequate," and the class-action exception does not apply. *Taylor*, 553 U.S. at 905; *see also Smith*, 564 U.S. at 315 ("Neither a proposed class action nor a rejected class action may bind nonparties.").

Nor does issue preclusion apply. That doctrine can be invoked only against a party who "had a full and fair opportunity to litigate the issue in the previous forum." *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006). Since Durham's motion to intervene was denied,

---

[4] The Court takes judicial notice of the undisputed facts from Hensley's 2020 suit. *See Duckett*, 819 F.3d at 745; *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

5

she never had a full opportunity to litigate the issues in Hensley's case. *See Taylor*, 553 U.S. at 892 ("A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit."); *Smith*, 564 U.S. at 313 (rejecting "the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation before the class is certified" (emphasis omitted)).

Finally, judicial estoppel does not apply. Three elements must be satisfied to invoke that doctrine, and at least two of them are not satisfied here. First, Durham has not "adopt[ed] a position that is inconsistent with a stance taken in prior litigation." *Gilliam v. Sealey*, 932 F.3d 216, 233 (4th Cir. 2019) (quoting *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996)). In her motion to intervene in Hensley's case, and during that case's appeal to the Fourth Circuit, Durham said that her claims are "virtually identical" to Hensley's. Def.'s Objs. to M&R 17, Doc. No. 15; *id.* at 13–14. That assertion does not contradict Durham's current argument that *Taylor*'s legal-relationship and class-action exceptions do not apply, nor does it undermine her contention that she lacked an opportunity to fully litigate the issues in Hensley's case. Second, because Durham's motion to intervene was denied, her prior position was never "accepted by the court." *Gilliam*, 932 F.3d at 233.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 14) is **ADOPTED**.

2. The Motion to Dismiss (Doc. No. 7) is **GRANTED in part** and **DENIED in part**. Specifically, the Motion is **GRANTED** as to Durham's claim for declaratory and injunctive relief. The Motion is otherwise **DENIED**.

Signed: October 13, 2022

Robert J. Conrad, Jr.
United States District Judge